IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02497-WYD-BNB

BEAVER MOUNTAIN RANCH WEST, LLC,

    Plaintiff,

v.

BELINDA GRAVES,

    Defendant.

## ORDER

THIS MATTER is before the Court on the Plaintiff's Objection to Removal and Motion to Remand to State Court (docket #4), filed December 17, 2007. By way of background, on November 9, 2007, Plaintiff filed this action in Dolores County, Colorado. Dolores County, Colorado is the county in which the *lis pendens*, which is the subject matter of this action, was filed and the county where the real property affected by the *lis pendens* is located. Plaintiff filed this matter pursuant to Colo. Rev. Stat. §38-35-204, which is a special statutory enactment providing for expedited relief to the owners of real property who believe their property rights have been impacted by the filing of a spurious lien or other instrument which has no foundation at law. *Id.* Colo. Rev. Stat. §38-35-204 provides for a hearing "not less than ten days nor more than twenty days after service of the order to show cause why the lien or document should not be declared invalid . . . ." *Id.* The limited purpose of the hearing is for the court to determine if the lien is spurious and to afford the party filing the alleged

spurious lien to show cause why the lien should not be released. *Id.*

The relief sought by the Plaintiff in the original state court complaint is the following: (1) the issuance of an order to show cause to the Defendant pursuant to Colo. Rev. Stat. §38-35-204; (2) a hearing on the order to show cause for the court to determine whether the lien is spurious; and (3) other relief that the state court deems appropriate including the award of reasonable attorney fees and costs of the proceedings under Colo. Rev. Stat. §38-35-204. (Compl. ¶¶ 1-11.)

On November 30, 2007, Defendant filed a Notice of Removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1). Defendant asserted therein that the amount in controversy requirement was satisfied. Further, Defendant asserted that the Plaintiff is a Colorado Company with its principal place of business in Colorado while the Defendant is a resident of the state of Arizona and is not a citizen of Colorado.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'"

*Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). In fact, the only relief that the state court complaint seeks is an order to show cause and a subsequent hearing pursuant to Colo. Rev. Stat. §38-35-204. Moreover, the civil cover sheet filed with the state court complaint does not indicate that the "Plaintiffs are seeking a monetary judgment for more than $100,000.00 against the Defendant." (Civil Cover Sheet, Exhibit 2, ¶ 2.) Thus, I turn to the notice of removal. The only allegation in the notice of removal regarding the amount in controversy is paragraph four which states that "[c]omplete diversity exists between the Plaintiff and Defendants and the amount in controversy exceeds $75,000,00." (Notice of Removal ¶ 4.) Therefore, I find that the Notice of Removal is not sufficient to establish that the jurisdictional amount is satisfied.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that Plaintiff's Objection to Removal and Motion to Remand to State Court (docket #4), filed December 17, 2007, is **GRANTED**. It is

FURTHER ORDERED that the Clerk of Court is directed to **REMAND** this action

to the County of Dolores, Colorado District Court from which the case was removed.

Dated: March 10, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge